**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4360**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

WALTER EMORY MORSLEY,

               Defendant – Appellant.

─────────────

**No. 10-4513**

─────────────

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

DONALD ELLIOTT CROMWELL, JR.,

               Defendant – Appellant.

─────────────

Appeals from the United States District Court for the District of Maryland, at Baltimore.  Richard D. Bennett, District Judge. (1:08-cr-00401-RDB-3; 1:08-cr-00401-RDB-1)

─────────────

Submitted:  October 27, 2011      Decided:  November 17, 2011

─────────────

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge, Maryland; Harry D. McKnett, OFFICE OF HARRY D. MCKNETT, ESQ., LLC, Columbia, Maryland, for Appellants.  Rod J. Rosenstein, United States Attorney, James G. Warwick, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury returned a fourteen-count superseding indictment charging Donald Elliott Cromwell, Jr., Walter Emory Morsley, and four co-defendants with offenses arising from a string of armed robberies of commercial armored vehicles in the summer of 2008, in violation of 18 U.S.C. §§ 922(g), 924(c), 1951 (2006). Cromwell faced charges on account of robberies on May 9, June 13, July 22, and August 6. Morsley was involved only in the May 9 robbery. Cromwell and Morsley were convicted following a jury trial and sentenced to 1272 and 396 months' imprisonment, respectively. In these consolidated appeals, Cromwell asserts the district court erred in failing to require the presence of a particular law enforcement witness at the suppression hearing. Morsley argues that the district court erred in denying his Fed. R. Crim. P. 29 and 33 motions. Both Cromwell and Morsley challenge the reasonableness of their sentences. We affirm.

Cromwell argues that the district court's refusal to require the presence of Special Agent Vorndran at the suppression hearing deprived him of his constitutional right to confront the witness. A district court's evidentiary rulings are reviewed for abuse of discretion. See United States v. Basham, 561 F.3d 302, 325 (4th Cir. 2006). "Decisions as to the admission or exclusion of evidence are within the province of

3

the district court, and any error in such decisions is subject to review under the harmless error test." United States v. Pendergraph, 388 F.3d 109, 112 (4th Cir. 2004).

Cromwell's argument is without merit. To the extent he claims a violation of the Confrontation Clause, his claim must fail because "the confrontation right pertains only to adverse witnesses offering testimony at trial." United States v. Soriano-Jarquin, 492 F.3d 495, 504 (4th Cir. 2007). Here, the Government neither called Vorndran as a witness nor introduced any statements by him. Additionally, Cromwell cannot show his right to compulsory process was violated because "the Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses: it guarantees him 'compulsory process for obtaining witnesses in his favor.'" United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982) (quoting U.S. Const. amend. VI). Cromwell offered the district court no reason to believe that Vorndran had information material to his defense, instead merely speculating that Vorndran's testimony would be inconsistent with that of a witness who did testify. See United States v. Rivera, 412 F.3d 562, 570 (4th Cir. 2005) (rejecting claim that compulsory process rights were violated where defendant provided no reason to believe absent witnesses had information material to his defense).

4

Morsley challenges the sufficiency of the evidence against him. He contends that his conviction is based on the uncorroborated and contradictory testimony of two unreliable witnesses. Morsley alleges several inconsistencies in the testimony between the two witnesses. He argues the district court erred in denying his motions for acquittal and for a new trial.

We review a district court's decision to deny a Rule 29 motion for a judgment of acquittal de novo and the denial of a Fed. R. Crim. P. 33 motion for a new trial for abuse of discretion. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal

quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

Here, the jury's verdict was supported by substantial evidence. Despite some inconsistencies, the witnesses' testimony was largely in agreement. Each witness testified that Morsley participated in the robbery and was armed with a shotgun. Video surveillance images were consistent with the witnesses' accounts. The questions of credibility Morsley raises were resolved by the jury. See id. Because Morsley's motion for a new trial was similarly based on the sufficiency of the evidence, we conclude that the district court did not abuse its discretion in denying the motion. See Smith, 451 F.3d at 216-17 ("Under the applicable legal principles, a trial court should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when the evidence weighs heavily against it.") (internal quotation marks omitted).

Turning to the sentences imposed by the district court, we review those sentences for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Diosdado-Star, 630 F.3d 359, 363 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011). Our review

6

requires consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51.

In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. Once we determine that there was no procedural error, we next assess the substantive reasonableness of the sentence. Our inquiry requires us to review "whether the District Judge abused his discretion in determining that the § 3553(a) factors supported [the sentence] and justified a substantial deviation from the Guidelines range." Id. at 56. The court must take "'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Morace, 594 F.3d 340, 346 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 307 (2010). We afford within-Guidelines sentences a presumption of reasonableness. See United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010).

Cromwell contends that the district court did not give adequate consideration to the sentencing factors enumerated in § 3553. We disagree. The district court considered Cromwell's criminal history, Cromwell's role in the robberies, and the need

7

to impose a sentence sufficient but no greater than necessary to meet the goals of § 3553(a)(2). The district court recognized that, given Cromwell's age, his sentence would effectively be life imprisonment. Nevertheless, the district court stated that the sentence was necessary to deter and rehabilitate Cromwell and to protect the public. The district court was not required to "robotically tick through § 3553(a)'s every subsection," United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), and we conclude that the district court adequately explained its basis for the sentence imposed. We thus find no procedural error in the imposition of Cromwell's sentence.

Nor is Cromwell's sentence substantively infirm. Cromwell asserts that "in light of his age, health, family ties and lack of injury to any victim in this case, the district court should have imposed a sentence which is reasonable, necessarily far lower than Appellant received." We conclude, however, that Cromwell has failed to overcome the presumption of reasonableness this court affords to within-Guidelines sentences. Cromwell's lengthy sentence was a result of his repeated decision to commit armed robberies and Congress's decision that an offender who carries a firearm during a crime of violence is subject to mandatory consecutive terms of imprisonment. See 18 U.S.C. § 924(c)(1).

Morsley argues that the district court did not give adequate consideration to the § 3553 sentencing factors. He notes that he took part only in the May 9 robbery, that no one was injured in that robbery, and that he neither used nor brandished a weapon. He states that he is fifty-two years old and his 396-month sentence is the equivalent of a life sentence.

Here, the district court considered the nature and circumstances of the offense, Morsley's criminal history, and the need to avoid unwarranted sentencing disparities. The court stated that Morsley was "not as culpable" as Cromwell and recognized that, given Morsley's age, a sentence at the bottom of the Guidelines range could amount to a life sentence. The district court nevertheless concluded that "the Guidelines are not far off in this case," and imposed a sentence of 396 months' imprisonment, within Morsley's 360 months to life Guidelines range. The court stated the sentence was necessary to achieve the purposes of sentencing and to protect the public. We conclude that the district court adequately discharged its responsibility to explain the sentence imposed with sufficient detail to allow meaningful appellate review. See Rita v. United States, 551 U.S. 338, 359 (2007). Morsley's sentence is also substantively reasonable, as the district court imposed a within-Guidelines sentence based on a careful consideration of the sentencing factors.

Accordingly, we affirm Morsley and Cromwell's convictions and sentences. We deny Cromwell's motion for leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>